Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
(951) 769-1268
Paulhupp@Gmail.com
*In Propria Persona*

FILED
CLERK, U.S. DISTRICT COURT
APR 1 2 2010
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Hupp,<br><br>      Plaintiff,<br><br>v.<br><br>Vicki Kurpinsky, A.K.A. Vicki Castellanos,<br>Debra Murphy Lawson,<br>Djinna M. Gochis,<br>Roes 1-25<br>Individually and in their official capacity as<br>State Bar of California employees, Jointly,<br>Jointly and Severally,<br>      Defendants. | Case No.: 10-cv-00413- UA (RC)<br><br>PLAINTIFF PAUL HUPP'S REPLY TO THE DIS-HONORABLE ROSELYN M. CHAPMAN'S MARCH 24, 2010 ORDER TO SHOW CAUSE |

## I.
### Plaintiff Paul Hupp's Reply To The Dis-Honorable Roselyn M. Chapman's March 24, 2010 Order To Show Cause

Plaintiff Paul Hupp ("Plaintiff") hereby files this response to the dis-honorable Roselyn M. Chapman's ("Chapman") Order of March 24, 2010 to show cause.

## II.
### Background Facts

This case is about as simple a case as one can be which involves due process violations by a state agency, specifically the State Bar of California ("Bar"), but apparently it is too complex for the pea sized brain of Chapman to comprehend or understand, so Plaintiff will try to break it down into baby steps for Chapman.

1   In July 2005 Plaintiff filed a request for an **extension** of his positive determination of
2   moral character with the Bar. Plaintiff has **NO** criminal record/convictions of any kind
3   whatsoever, nor any other obstacles that would legitimately prevent him from receiving a
4   positive background clearance. Plaintiff had his original background clearance approved in 2003.

5   After nearly two (2) years of getting jerked around by the Bar Plaintiff told the Bar to
6   start following their written rules for the background check. This included giving written updates
7   as required under the Bar's rules.

8   The Bar denied Plaintiff a positive determination on his character clearly under pretext
9   reasons and Plaintiff appealed that decision to the State Bar Court ("Bar Court") for review.

10  The Bar Court refused to hear ANY portion of the case because Plaintiff did not pay a
11  "filing fee". Plaintiff did not have the money to pay the filing fee and the Bar Court offered no
12  other alternative to have Plaintiff's case reviewed.

13  Courts cannot block due process of law based on inability to pay "filing fees". That is
14  clearly established law going back decades.

15  Plaintiff then filed suit in this court ("Hupp I"), EDCV 07-0620 (RC). Chapman, with her
16  first of many ridiculous and unsupported rulings, claimed that the court did not have "subject
17  matter jurisdiction" because only the California Supreme Court ("CSC") could deny a
18  background clearance. According to Chapman, until the CSC denied Plaintiff's background there
19  were no "damages". Apparently Chapman thinks that blocking access to the courts-and DUE
20  PROCESS OF LAW- does not cause damages. So by Chapman's bizarre line of thought the Bar
21  Court could drag Plaintiff's background clearance out for 20 or 30 years and there would be no
22  damages because the CSC had not actually denied Plaintiff's background clearance. Only the
23  simpleton mind of a progressive surrender monkey could come up with such nonsense. Of course
24  Chapman dismissed this complaint without hearing, without a chance for Plaintiff to counter her
25  preposterous claims, and without a chance to amend. Since Plaintiff had not "petitioned" the

CSC, Chapman claimed there were no damages. Plaintiff appealed this decision to the 9th Circuit, who denied the claim. Plaintiff then appealed the denial by the 9th to the United States Supreme Court ("SCOTUS") who denied issuing a writ of certiorari.

Plaintiff had his case and his livelihood put on hold for over two (2) years at this point and filed a second claim in this court (("Hupp II"), EDCV 07-0728 (RC)) for willfully and intentionally DELAYING his background (because Plaintiff spoke out about the Bar and their refusal to follow their own rules and due process) for violation of the First Amendment, as well as due process. And once again Chapman made a conclusory and unsupported claim that the case was "frivolous" without ANY supporting statutes, case law or support of any kind whatsoever in dismissing that case, which would become part of a pattern and practice for Chapman.

Plaintiff "petitioned" the CSC to clear his background in 2007. The CSC took no action of any kind, including even acknowledging the "petition" itself. Since Chapman had claimed in her original ruling in Hupp I that Plaintiff could bring "all his claims" once the CSC had denied his "petition" there should have been no problem with essentially the same case that was originally filed in 2007 (Hupp I). So Plaintiff yet AGAIN filed in this court to have his case heard (("Hupp III") EDCV-09-1597 UA- (RC)). Of course no one can take anything Chapman says at face value, Chapman's two faced lying runs rampant in her garbage decisions-and that proved to be the case in Hupp III.

And once again, true to form, Chapman made another one of her unsupported, conclusory rulings that had no legal authority to back it up whatsoever, just another one of her preposterous and conclusory rulings. In fact Chapman seems to be under the impression that if she says a case does not have "subject matter jurisdiction" then she can just say that and that is the end of the matter. No need for support or authority, if Chapman says it, then it **must** be true.

Chapman does not need to give any reasons why a case does not have "subject matter jurisdiction", after all she is a magistrate judge-and has apparently been relegated to that role for

20+ years. Not a big surprise Chapman has never been promoted to a District Court judgeship- she is lacking common sense and a fully developed legal mind.

And once again Chapman dismissed the complaint without hearing, without a chance for Plaintiff to counter her preposterous claims, and without a chance to amend. Hey, big surprise.

Plaintiff appealed Hupp III to the 9th Circuit and filed a fee waiver within one (1) week of filing his appeal. That fee waiver was either lost in the mail or lost by the 9th Circuit clerk because a request came from the 9th Circuit two (2) months later for Plaintiff to file a fee waiver. Plaintiff filed a second fee waiver, and unbeknown to Plaintiff, the 9th Circuit clerk also seems to have lost the second fee waiver too, but no notice was sent to Plaintiff.

Plaintiff filed his appellate brief and a month later received a letter from the clerk of the 9th Circuit that his case was dismissed for failure to file a fee waiver (or pay the filing fee of $455- which Plaintiff did not have).

Plaintiff notified the 9th Circuit by two (2) motions that his fee waiver had been filed two (2) times before, and to be safe filed a third fee waiver. Following their pattern (and Chapman's pattern) of providing political cover for the Bar, and violating clearly established Constitutional protections, the 9th Circuit refused to hear Hupp III and **dismissed it without prejudice**.

Now, let's make this very clear so even Chapman can understand the issues. #1) Chapman had no legal authority to block Hupp III from the district court, none whatsoever. Chapman's ruling had no authority backing it up, just more of her conclusory, baloney claims. #2) the 9th Circuit dismissed Hupp III **without prejudice** because they LOST the fee waiver-not on the merits of the case. #3) Hupp III was **NOT dismissed with prejudice**, so it could be refiled at ANYTIME.

Which now brings us to the filing of "Hupp IV", (("Hupp IV") EDCV-10-0413 UA-(RC)), which is no different than the original claim filed more than three (3) years ago-a violation of, among many violations, due process rights. And once again Chapman has made a

ruling that is not supported by any facts, statutes or case law whatsoever, just the same old conclusory and unsupported baloney claims Chapman has used in the past.

### III.
### Points And Authorities

The notion that this case does not have "subject matter jurisdiction" is complete and total bullshit. Chapman knows that, Plaintiff knows that and any 3rd grader would know it.

ANY violation of the Constitution gives the federal courts jurisdiction. Last time I checked the due process clause of the 14th Amendment was still valid. Maybe Chapman knows something the rest of the world doesn't know, and if that is the case I would appreciate it if she shared her vast knowledge of the law with the rest of us.

Established case law from the United States Supreme Court made this very clear;

> "A claim of a present right to admission to the bar of a state and a denial of that right is a controversy. **When the claim is made in a state court and a denial of the right is made by judicial order, it is a case which may be reviewed under Article III of the Constitution when federal questions are raised** and proper steps taken to that end in this Court." *See* In Re Summers, 325 U.S. 561, 568 (1945). Bold added.

The United States Supreme Court ruled on due process requirements as they relate to law licenses more than 48 years ago;

> "The requirements of **procedural due process must be met before a State can exclude a person from the practice of law**". *See* Willner v. Committee On Character, 373 U.S. 96, 102 (1963). Bold added.

Well Chapman, why don't you try to explain that case away with your nonsensical legal reasoning. The CSC, under California case law, has also ruled that the practice of law requires FULL due process protections and that:

> "In any event, opinions of the United States Supreme Court and of our court which characterize claim for admission to the bar as a claim of right **is entitled to the protections of procedural due process**." *See* Hallinan v. CBE, 65 Cal.2d 447 (1966). Bold added.

Hey Chapman, try to your head out of the Bar's ass long enough to read this case;

"**A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process** or Equal Protection Clause of the Fourteenth Amendment". *See* <u>Schware v. Board of Bar Examiners</u>, 353 U.S. 232, 238-239 (1957). Bold added.

I found all this is just a basic day of research, but somehow Chapman can't figure it out, or more likely Chapman is engaging in a political cover for the Bar. That clearly shows what a little chicken shit Chapman really is. No backbone or ethics to uphold the Constitution and law of the land, just a little chicken shit federal judge providing political cover for a dirt bag state agency, political cover that encourages the Bar to engage in even more Constitutional violations- with impunity.

## IV.
## Conclusion

Chapman, why don't you pull your pea brained head out of the Bar's ass and for ONCE do the right thing, which is to uphold the Constitution and laws of this country, you goddamned slime ball piece of shit.

It is because of surrender monkeys like you that the Bar pulls this kind of bullshit-because spineless jellyfish like you play politics with peoples livelihoods- instead of holding a dirt bag state agency responsible for their Constitutional violations. You're a disgrace to the federal bench.

And I will be happy to repeat **anything** I have said in this brief to your face-name the time and the place and I will be there.

Dated this 7th day of April, 2010

_____
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
(951) 769-1268
Paulhupp@Gmail.com
*In Propria Persona*