Paul Hupp
PO Box 91
Solana Beach, CA 92075-0091
Paulhupp@Gmail.com
*In Propria Persona*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Hupp,<br><br>      Plaintiff,<br><br>  v.<br><br>Vicki Kurpinsky, A.K.A. Vicki Castellanos,<br>Debra Murphy Lawson,<br>Djinna M. Gochis,<br>Roes 1-25<br>Individually and in their official capacity as<br>State Bar of California employees, Jointly,<br>Jointly and Severally,<br>      Defendants. | Case No.: 10-cv-00413- UA (RC)<br><br>PLAINTIFF PAUL HUPP'S SUPPLEMENTAL BRIEF/REPLY TO THE DIS-HONORABLE ROSELYN M. CHAPMAN'S MARCH 24, 2010 ORDER TO SHOW CAUSE |

### I.
### Plaintiff Paul Hupp's Supplemental Brief/Reply To The Dis-Honorable Roselyn M. Chapman's March 24, 2010 Order To Show Cause

Plaintiff Paul Hupp ("Plaintiff") hereby files this supplemental brief/reply to the dis-honorable Roselyn M. Chapman's ("Chapman") Order of March 24, 2010 to show cause. This supplemental brief/reply was needed to correct the numerous outright lies and falsehoods put forth by Chapman in her Order.

## II.
## Lies And Falsehoods Put Forth By Chapman In Her Order; Plaintiff's Corrections

There were so many falsehoods and straight up lies put forth by Chapman in her March 24, 2010 Order To Show Cause ("Order") that Plaintiff files this supplemental brief shooting them down one by one.

Lie #1) Chapman states that "Plaintiff does not allege he petitioned for review in the California Supreme Court. *See* Order at P.2, footnote #1. (Order, P.2, attached to, made a part of and by this reference incorporated into this brief as "Exhibit #1").

Plaintiff specifically made this allegation in his March 13, 2010 Complaint ("Complaint"). *See* Complaint at page 6, paragraphs 40 and 41(Complaint, P.6, paragraphs 40 and 41, attached to, made a part of and by this reference incorporated into this brief as "Exhibit #2");

> 40. Mr. Hupp then filed a **"Petition"** with the Supreme Court of California to waive his State Bar Court filing fee based on inability to pay or have his background approved.
>
> 41. The California Supreme Court denied Mr. Hupp's petition.

Chapman straight up lied about this fact. Not only did Chapman lie about it, but she never made the allegation that Plaintiff did not file for review in the California Supreme Court in any order or brief in her dismissing of Hupp III or Hupp IV. Chapman had NO support whatsoever in her denial of Hupp III. None, zero, nada.

Lie #2) Chapman claimed Plaintiff's "unwillingness to pursue his appeal in Hupp III" was the reason the appeal was dismissed by the Ninth Circuit Court of Appeals. Another straight up lie from Chapman, a lie easily shot down by the record. It appears that Chapman never reviewed the record at the Ninth Circuit Court of Appeals, or is just straight up lying- again.

Plaintiff's case was fully briefed and timely filed at Ninth Circuit Court of Appeals in Hupp III. So the notion that Plaintiff was "unwilling[ness]" to "pursue his appeal" is factually wrong- a factual lie (among the many, including those documented here) by Chapman.

Hupp III case was dismissed, *without prejudice*, because the Ninth Circuit Court of Appeals refused to process-or lost- Plaintiff's three (3) timely filed applications to waive the filing fees, and for NO other reason, and most certainly not over Plaintiff was "unwilling[ness]" to "pursue his appeal". This statement is disgraceful. If Chapman did even a "de minimis" amount of research into this case she would know that. But that appears to be beyond Chapman's capabilities.

### III.
### Conclusion

Plaintiff has never in his life encountered a judge who has straight up lied and/or misrepresented the facts as much as Chapman has in this case.

In Plaintiff's April 7, 2010 reply to Chapman's Order, Plaintiff called Chapman a "goddamned slime ball piece of shit" over her actions in this case. Plaintiff stands by that statement today.

Dated this 11th day of April, 2010

Paul Hupp
PO Box 91
Solana Beach, CA 92075-0091
Paulhupp@Gmail.com
*In Propria Persona*

file Hupp III in forma pauperis, plaintiff appealed the ruling to the Ninth Circuit Court of Appeals, which dismissed the appeal due to plaintiff's failure to pay the filing fee, and denied plaintiff's request to reinstate the appeal.

Despite the appellate decision in Hupp I, and plaintiff's unwillingness to pursue his appeal in Hupp III, plaintiff now seeks to again file the identical complaint he sought to file in Hupp III. Yet, as this Court and the Ninth Circuit previously explained to plaintiff, this district court lacks subject jurisdiction over plaintiff's action.[1] See, e.g., Giannini v. Committee of Bar Examiners, 847 F.2d 1434, 1435 (9th Cir. 1988) (per curiam) ("Under California law, only the state supreme court, not the Committee of Bar Examiners, has the authority to grant or deny admission to the bar. . . . [Thus, until review by the California Supreme Court] is completed, an applicant has no basis for any claim of deprivation under federal law because no deprivation has taken place."); Margulis v. State Bar of Cal., 845 F.2d 215, 216-17 (9th Cir. 1988) (per curiam) ("[B]ecause [plaintiff's] failure to petition for review [of the Bar's decision not to certify him as qualified to practice law] deprived the California Supreme Court of an opportunity to rule on his application, his complaint alleges no cognizable deprivation of federal rights."). Thus, plaintiff's in forma pauperis application should be denied.

Initials of Deputy Clerk____

---

[1] Plaintiff does not allege he petitioned for review in the California Supreme Court.

case100\10-0413.1
3/24/10

34. On January 17, 2007 (three (3) weeks after the December 28, 2006 letter) Mr. Hupp sent a second letter expressing the same concerns.

35. On January 18, 2007 Sheldon Sloan finally responded to Mr. Hupp's complaints, essentially stating he had forwarded the letters to Judy Johnson, and not to contact him again.

36. On February 5, 2007, Mr. Hupp was notified he was denied a positive Determination of Moral Character. The letter cited two (2) reasons; 1) the 1982 conviction of Contributing to the Delinquency of a Minor, Penal Code § 272, and 2) failure to disclose the small claims court decisions.

37. Mr. Hupp filed for an appeal in the State bar Court on February 7, 2007.

38. The Bar denied to process Mr. Hupp's appeal because he could not afford to pay the $100 filing fee, and again refused to process the appeal on May 11, 2007, in violation of established case law that states access to the courts is a <u>fundamental right</u> that cannot be denied based on inability to pay a filing fee.

39. Mr. Hupp thoroughly briefed the State Bar Court on the filing fee issue.

40. Mr. Hupp then filed a **"Petition"** with the Supreme Court of California to waive his State Bar Court filing fee based on inability to pay or have his background approved.

41. The California Supreme Court denied Mr. Hupp's petition.

This reference incorporates the above paragraphs into the following counts.

### COUNT I: 42 U.S.C. SECTION 1983 LIABILITY FOR VIOLATION OF CONSTITUTIONAL AND CIVIL RIGHTS-VIOLATIONS OF FREE SPEECH

42. Mr. Hupp is entitled under the First and Fourteenth Amendments of the United States Constitution not to be discriminated against in the terms, conditions and privileges of his application for a positive Determination of Moral Character on the basis of his exercise of First Amendment rights to free speech on political issues.

COMPLAINT - 6    Paul Hupp