1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>               Plaintiff,<br><br>        vs.<br><br>VICKI KURPINSKY aka VICKI<br>CASTELLANOS, DEBRA MURPHY<br>LAWSON, DJINNA M. GOCHIS, AND<br>ROES 1–25, individually and in their<br>official capacity as State Bar of California<br>employees, jointly and severally,<br><br>              Defendants. | ) CASE NO. CV 10-00413 UA (RC)<br>)          CV 10-00790 UA (RC)<br>)<br>)<br>)<br>) ORDER DENYING PLAINTIFF'S MOTION<br>) TO DISQUALIFY JUDGE CHAPMAN<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

On April 8, 2010 plaintiff filed a motion to disqualify Magistrate Judge Rosalyn Chapman

in *Hupp v. Krupinsky* ("*Hupp IV*"), CV 10-00413 UA (RC).[1]  The matter was initially referred

to Judge Audrey Collins, who on April 8, 2010 denied plaintiff's application to proceed *in forma*

*pauperis*.[2]  The motion to disqualify was then referred to this court under General Order 08-05

---

[1]See Plaintiff Paul Hupp's Motion to Disqualify Judge Rosalyn M. Chapman for Cause ("*Hupp IV* Motion"), Docket No. 3, 10-cv-00413 UA (RC) (Apr. 8, 2010).

[2]Reasons Supporting Denial of Plaintiff's Request to File Action in Forma Pauperis ("Order"), Docket No. 8, CV 10-00413 UA (RC) (Apr. 8, 2010).  The history of plaintiff's application to proceed *in forma pauperis* in *Hupp IV* is confusing at best.  On March 18, 2010, plaintiff filed a request to proceed *in forma pauperis* and lodged his complaint.  (Request to Proceed in Forma Pauperis with Declaration in Support ("IFP Request"), Docket No. 1, CV 10-

1    and Local Rule 72-5.[3]  On June 7, 2010, plaintiff filed a motion to disqualify Judge Collins and

2    Magistrate Judge Chapman in *Hupp v. Krupinsky* ("*Hupp V*"), CV 10-00790 UA (RC).[4]  This

3    motion was also referred to this court under General Order 08-05 and Local Rule 72-5.[5]  The

4    court finds the motions appropriate for decision without oral argument pursuant to Rule 78 of the

5    

6    00413 UA (RC) (Mar. 18, 2010).)  On March 24, 2010, Judge Chapman issued an order to show

7    cause why plaintiff should not be declared a vexatious litigant and ordered plaintiff to respond no
     later than April 7, 2010.  (Order to Show Cause Why Plaintiff Should Not Be Declared a

8    Vexatious Litigant ("OSC"), Docket No. 2, CV 10-00413 UA (RC) (Mar. 24, 2010).)  Plaintiff

9    has previously been declared a vexatious litigant by Judge Percy Anderson, but only with respect
     to suits against the United States (and its agencies or departments), certain private defendants, or

10   any defendant alleging specific claims arising out of plaintiff's student loan debts.  (Vexatious

11   Litigant Order, CV 09-02052-PA(AGRx), Docket No. 28 (May 27, 2009).)  Although there is no
     record that Judge Chapman decided plaintiff's motion to proceed *in forma pauperis*, on March 31,

12   2010, plaintiff appealed Judge Chapman's order to the Ninth Circuit on March 31, 2010.
     (Plaintiff Paul Hupp's Notice of Appeal Under Title 28 U.S.C. § 158 of His in Forma Pauperis

13   Application Denial, Docket No. 4, CV 10-00413 UA (RC) (Mar. 31, 2010).)  The notice of

14   appeal refers to the request having been denied on March 24, 2010; this apparently refers to Judge
     Chapman's order to show cause.  On April 7, 2010, Judge Collins denied a motion for leave to

15   appeal *in forma pauperis*, concluding that the proposed appeal was not taken in good faith and was

16   frivolous.  (Order on Motion for Leave to Appeal in Forma Pauperis, Docket No. 10, CV 10-
     00413 UA (RC) (Apr. 7, 2010).)  On April 8, 2010, Judge Collins denied plaintiff's request to

17   proceed *in forma pauperis* in district court.  That same day, plaintiff filed the instant motion to

18   disqualify.  On April 8, 2010, Judge Chapman referred the motion to Judge Collins under Local
     Rule 72-2.1.  (Order Referring Plaintiff's Motion to Disqualify to Chief Judge, Docket No. 9, CV

19   10-00413 UA (RC) (Apr. 8, 2010).)  On April 12, 2010, plaintiff responded to Judge Chapman's
     order to show cause.  (Plaintiff Paul Hupp's Reply to the Dis-Honorable Roselyn M. Chapman's

20   March 24, 2010 Order to Show Cause, Docket No. 13, CV 10-00413 UA (RC) (Apr. 12, 2010).)

21   Also on April 12, 2010, because she had signed the order that was the subject of plaintiff's
     disqualification motion, Judge Collins recused herself from deciding the motion to disqualify.

22   (Docket No. 14, 10-cv-00413 UA (RC) (Apr. 12, 2010).)

23        [3]See Referral of Motion to Disqualify Judge/Magistrate Judge, Docket No. 15, 10-cv-

24   00413 UA (RC) (Apr. 15, 2010).

25        [4]See Plaintiff Paul Hupp's Motion to Disqualify Judges Rosalyn Merle Chapman and
     Audrey Brodie Collins for Cause ("*Hupp V* Motion"), Docket No. 2, CV 10-00790 UA (RC)

26   (June 8, 2010).

27        [5]See Referral of Motion to Disqualify Judge/Magistrate Judge, Docket No. 3, CV 10-00790

28   UA (RC) (June 17, 2010).

1   Federal Rules of Civil Procedure and Local Rule 7-15.  Having carefully reviewed the pleadings
2   submitted, the court denies plaintiff's motions.

3

4                       **I.  FACTUAL & PROCEDURAL BACKGROUND**

5       *Pro se* plaintiff has filed these lawsuits challenging the finding by the State Bar of
6   California that he is not of good moral character, and that he should be denied admission to the
7   Bar.  The State Bar's finding was based on a 1982 conviction for contributing to the delinquency
8   of a minor as well as a failure to disclose two small claims court actions in which he was involved
9   as either plaintiff or defendant.  Plaintiff's lodged complaints in both federal actions state the same
10  seven causes of action: (1) violation of plaintiff's First Amendment right to free speech;
11  (2) violation of plaintiff's Fourteenth Amendment right to procedural due process; (3) a "request
12  for declaratory and injunctive relief"; (4) intentional infliction of emotional distress; (5) a cause
13  of action captioned "public employee liability for failure to discharge mandatory duties imposed
14  by enactment"; (6) abuse of process; and (7) civil conspiracy.

15      *Hupp IV* and *Hupp V* are, respectively, the fourth and fifth lawsuits plaintiff has filed
16  seeking review of the State Bar's action in federal court.  See *Hupp v. Krupinsky*, CV 07-00620
17  UA-RC ("*Hupp I*"); *Hupp v. Krupinsky*, CV 07-00728 UA-RC ("*Hupp II*"); *Hupp v. Krupinsky*,
18  CV 09-01597 UA-RC ("*Hupp III*").  After Judge Alicemarie Stotler denied plaintiff's request for
19  leave to proceed *in forma pauperis* in *Hupp I*, plaintiff appealed the ruling to the Ninth Circuit,
20  which held:

21          "The district court did not abuse its discretion by denying Hupp's in forma pauperis
22          application because Hupp sought to bring claims over which the court lacked
23          subject matter jurisdiction. . . .  See [*Minetti v. Port of Seattle*, 152 F.3d 1113,
24          1115 (9th Cir. 1998) (per curiam)] (holding that district court did not abuse its
25          discretion by denying in forma pauperis application where claims were barred by
26          res judicata, lack of standing, and judicial immunity); *Giannini v. Comm. of Bar*
27          *Exam'rs*, 847 F.2d 1434, 1435 (9th Cir. 1988) (per curiam) (holding that district
28          court lacked subject matter jurisdiction where bar applicant failed to appeal the

                                                3

1   Committee of Bar Examiners' denial of his application to the California Supreme

2   Court, because '[u]ntil such review is completed, an applicant has no basis for any

3   claim of deprivation under federal law because no deprivation has taken place')."

4   *Hupp v. Kurpinsky*, 324 Fed. Appx. 623, 624 (9th Cir. Apr. 28, 2009) (Unpub.

5   Disp.)

6   Plaintiff's requests to proceed *in forma pauperis* were similarly denied in *Hupp II* and *Hupp III*,

7   each on the basis that the court lacked subject matter jurisdiction.  Plaintiff filed a notice of appeal

8   in *Hupp III*, but the appeal was dismissed because plaintiff failed to pay docketing and filing fees.

9   Judge Collins denied plaintiff's request on the same basis in *Hupp IV*, namely that plaintiff

10   has not petitioned for review in the California Supreme Court and, consequently, the district court

11   lacks subject matter jurisdiction.  Because plaintiff filed the motion to disqualify in *Hupp V* before

12   his *in forma pauperis* application was decided, that request remains pending.

13   Plaintiff's motion to disqualify in *Hupp IV* is premised on his conclusion that Judge

14   Chapman's finding that no petition was filed before the California Supreme Court was

15   "perjurious."  This assertion is premised on plaintiff's conclusion that Judge Chapman's findings

16   in the four prior cases that no petition was filed in the California Supreme Court was "perjurious."

17   Plaintiff also alleges that because Judge Collins signed an order "incorporating Judge Chapman's

18   perjury, . . . Judge Collins is therefore suborning [Judge] Chapman's perjury."[6]  These assertions

19   apparently are based on plaintiff's allegation that he filed a petition in the California Supreme

20   Court seeking waiver of his State Bar Court filing fee, which motion was denied.[7]

21

22   **II.  DISCUSSION**

23   **A.     Legal Standard Governing Motions to Disqualify**

24   Motions to disqualify federal judges are governed by 28 U.S.C. § 144.  Under that statute,

25   a party seeking the recusal or disqualification of a judge must file a timely affidavit attesting that

26   _____

27   [6]*Hupp IV* Motion at 3.

28   [7]Lodged Complaint, ¶ 40.

1  the judge to whom the matter has been assigned has a personal bias or prejudice either against him

2  or in favor of an opponent. The affidavit must specifically state "the facts and reasons for the

3  belief that bias or prejudice exists." 28 U.S.C. § 144.

4      A judge must be disqualified under § 144 if "a reasonable person with knowledge of all

5  the facts would conclude that the judge's impartiality might reasonably be questioned." *United*

6  *States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997). The bias or prejudice that must

7  be shown is not merely a favorable or unfavorable disposition toward a party, but rather a

8  "favorable or unfavorable disposition or opinion *that is somehow wrongful or inappropriate,* either

9  because it is undeserved, or because it rests upon knowledge that the subject ought not to

10 possess." *Liteky v. United States*, 510 U.S. 540, 550 (1994) (emphasis added). For this reason,

11 "the alleged bias and prejudice . . . must stem from an extrajudicial source." *Id*. at 544.

12 "[O]pinions formed by the judge on the basis of facts introduced or evidence presented during the

13 course of the proceedings are not grounds for disqualification unless there is evidence of such

14 deep-seated favoritism or antagonism that fair judgment would be impossible." *Id*. at 555; see

15 also *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

16     "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality

17 motion," and even remarks by a judge that are critical, disapproving of, or hostile to a party will

18 not ordinarily support a challenge on the basis of bias or partiality. *Liteky*, 510 U.S. at 555; see

19 also *Studley*, 783 F.2d at 939 (judge's prior rulings adverse to a tax-protestor defendant were not

20 sufficient cause for recusal).

21     **B.    Whether Judge Chapman Should Be Disqualified in *Hupp IV***

22     Plaintiff alleges that he has laid out his Due Process claim "in language even an untrained

23 circus chimp could understand" and that in response Judge Chapman, in this case and others, has

24 made "wild, nonsensical and unsupported rulings." He alleges that she is "knowingly, willfully

25 and intentionally violating the Constitution," and that Judge Chapman's finding that the court lacks

26 subject matter jurisdiction is only supported by the "crazy, ridiculous and unsupported ramblings

27 of [Judge] Chapman" who is allowing the State Bar to engage in constitutional violations "with

28 impunity."

1    Having reviewed the record, the court concludes that plaintiff's allegations of bias or

2  prejudice are unsupported.  Plaintiff's supporting affidavit presents six facts: (1) that he filed this

3  case on March 13, 2010; (2) that Judge Chapman denied his application; (3) that Judge Chapman

4  gave no reason for her "August 28, 2010" denial and made reference to an attachment that was

5  not attached; (4) that Judge Chapman misstated material facts and law; (5) that Judge Chapman

6  denied oral argument on the request and did not permit rebuttal to her ruling; and (6) that the

7  Bar's decision is incorrect.[8]

8    The first, second, and sixth allegations do not speak to bias or prejudice; they merely assert

9  the procedural posture of the case.  The third allegation, assuming it in fact refers to Judge

10  Collins' order denying *in forma pauperis*, is fully supported.  The attachment is present, and is

11  a two page document titled "Reasons Supporting Denial of Plaintiff's Request to File Action in

12  Forma Pauperis."  The document quotes the Ninth Circuit's decision in *Hupp I* and other relevant

13  case law in support of the ruling.  Plaintiff's fourth allegation is entirely conclusory; it does not

14  identify any specific fact or rule of law ignored by Judge Chapman.  Assuming the allegation

15  refers to plaintiff's assertion that Judge Chapman ignored his petition to the California Supreme

16  Court to waive filing fees, Judge Chapman's statement is correct.  Plaintiff has not alleged that

17  he sought review of his moral character determination, but only of a request to waive a filing fee.[9]

18  Plaintiff's fifth allegation does not assert that he requested oral argument or an opportunity to

19  rebut, and the docket does not reveal that he did.  Additionally, whatever denial of oral argument

20  or right of rebuttal occurred, plaintiff has not alleged it was based on bias or prejudice against him

21  or in favor of any defendant.

22    Plaintiff's bare assertions do not constitute the showing of personal bias required under

23  § 144.  As previously noted, to be cognizable, bias or prejudice that "must stem from an

24  extrajudicial source." *Liteky*, 510 U.S. at 544.  Whatever opinions Judge Chapman formed were

25  clearly "opinions formed by the judge on the basis of facts introduced or evidence presented,"

26  _____

27    [8]*Hupp IV* Motion at 3–4.

28    [9]*Hupp IV* Complaint, ¶ 40; *Hupp V* Complaint, ¶ 40.

1  namely, Judge Chapman's and Judge Collins' evaluation of the complaint and the applicable law.

2  *Id.* at 555. Plaintiff was entitled to bring a motion to set aside Judge Collins' April 8, 2010 order,

3  and he was entitled to appeal that order. His disagreement with Judge Chapman's and Judge

4  Collins' evaluation of his complaint and application of the law does not, however, entitle him to

5  have Judge Chapman disqualified.

6  **C.     Whether Judge Collins or Judge Chapman Should Be Disqualified in *Hupp V***

7  Plaintiff alleges that Judge Chapman "engaged in multiple acts of perjury by falsely

8  claiming Plaintiff's prior actions had no subject matter jurisdiction because Plaintiff had failed to

9  allege he 'petitioned' the California Supreme Court prior to filing of the actions, which we now

10  know was a straight up perjured lie by [Judge] Chapman. Judge Collins suborned [Judge]

11  Chapman's perjury by signing the Orders that incorporated said perjury."[10]  This is the sole

12  ground on which plaintiff seeks Judge Chapman's and Judge Collins' disqualification in *Hupp V*.

13

14  Having reviewed the record, the court concludes that plaintiff's allegations of bias or

15  prejudice are unsupported. Although plaintiff references an attached declaration, there is no

16  supporting affidavit. The motion is therefore facially insufficient under §28 U.S.C. § 144, which

17  requires an "affidavit [that] shall state the facts and the reasons for the belief that bias or prejudice

18  exists."

19  Plaintiff's bare assertions do not constitute the showing of personal bias required under

20  § 144. Moreover, plaintiff's assessment that Judge Chapman is "perjurious" and that Judge

21  Collins suborns "perjury" is no more than a restatement of his disagreement with Judge Collins'

22  order in *Hupp IV*, as well as Judge Chapman's evaluation in *Hupp I*, *Hupp II*, and *Hupp III*. To

23  reiterate, to be cognizable, bias or prejudice "must stem from an extrajudicial source." *Liteky*,

24  510 U.S. at 544. The opinions formed by Judge Collins and Judge Chapman, as well as Judge

25  Stotler and the Ninth Circuit panel in *Hupp I*, were formed by evaluating the lodged complaints

26  and the law governing in forma pauperis applications and the district court's subject matter

27

28  [10]*Hupp V* Motion at 2.

7

1  jurisdiction.   As with *Hupp IV*, in each of these actions plaintiff was entitled to move for

2  reconsideration.   He was also entitled to appeal, and did appeal *Hupp I*.   He is not, however, on

3  this record entitled to have Judge Chapman or Judge Collins disqualified.

4

5                          **III.  CONCLUSION**

6          For the reasons stated, plaintiff's motions to disqualify Judge Chapman in *Hupp v.*

7  *Krupinsky*, CV 10-00413 UA (RC), and Chief Judge Collins and Judge Chapman in *Hupp v.*

8  *Krupinsky*, CV 10-00790 UA (RC), are denied.

9

10  DATED: June 17, 2010                         _____

11                                                MARGARET M. MORROW
                                                  UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28