Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
(951) 769-1268
Paulhupp@Gmail.com
*In Propria Persona*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Hupp,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Vicki Kurpinsky, A.K.A. Vicki Castellanos, Debra Murphy Lawson, Djinna M. Gochis, Roes 1-25<br>Individually and in their official capacity as State Bar of California employees, Jointly, Jointly and Severally,<br>　　　　Defendants. | Case No.: 10-cv-00413 UA (RC)<br>Case No.: 10-cv-00790 UA (RC)<br><br>PLAINTIFF PAUL HUPP'S REPLY BRIEF TO JUDGE MARGARET M. MORROW'S JUNE 17, 2010 ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY JUDGE ROSELYN MERLE CHAPMAN |

## I.
### Introduction

PLEASE TAKE NOTICE that Plaintiff Paul Hupp, *In Propria Persona*, now files his reply brief to Judge Morrow's June 17, 2010 Order denying to disqualify Judge Chapman for cause.

## II.
### Argument

Judge Morrow falsely states Judge Percy Anderson has declared Plaintiff a vexatious litigant. There is no foundation, nor evidence, in the record to support such a claim, just extra judicial hearsay.

-1- Paul Hupp's Reply Brief To Judge Morrow's June 17, 2010 Order Denying To Disqualify Judge Chapman For Cause

How such a finding would have any relation to this case whatsoever is not explained, and for good reason, **there is no connection**. It was just a way for Judge Morrow to try to slime the Plaintiff with non-relevant claims. To the extent Percy Anderson may have issued such an order, it would not be a final order until all appeals have been exhausted, and still not relevant.

Judge Morrow makes more unsupported claims by stating Plaintiff was convicted of contributing to the delinquency of a minor[1]. Plaintiff has never been convicted of any crime, including contributing to the delinquency of a minor

*Hupp III* was not dismissed because plaintiff failed to pay the docketing fees. *Hupp III* was dismissed because the Court of Appeals lost two (2) applications to proceed In Forma Pauperis ("IFP"). *Hupp III* was not dismissed on the merits, but technical issues that the Court of Appeals themselves created and refused to remedy. *Hupp III* was **not dismissed with prejudice**, so Plaintiff was **free to refile it** at any time.

In addition, *Hupp III* could not be properly appealed because Judge Chapman's proposed order, falsely claimed to be "attached" to the IFP denial, was NOT attached to the IFP denial, so Plaintiff had no idea of the reasons for the denial. The clerk confirmed this fact when Plaintiff called the clerk and asked if the clerk had simply left off the "attachment". There was no attachment per the clerk's own statement.

Plaintiff's motion to disqualify Judge Chapman was based on her **perjury**, Chapman's claim that Plaintiff did not "petition" the California Supreme Court **to clear his background**, prior to filing the actions in *Hupp III* and *Hupp IV*, not any assertion that he was seeking **just a**

---

[1] *See* Morrow's Order, P:3-L7-8

**waiver** of his state court filing fee, as Judge Morrow has falsely stated[2]. Plaintiff's motion to disqualify clearly states this[3];

> "Plaintiff then **"petitioned"** the California Supreme Court to *have his background cleared*, or alternatively to allow him a hearing to be heard over the issue. The California Supreme Court took no action whatsoever."[4] Bold in original. Italics and underline added.

Judge Morrow's claim by Plaintiff that Chapman"ignored his petition to the California Supreme Court to waive filing fees..." **is therefore just a straight up lie,** and not supported by the record. Judges are not free to cherry pick the complaint, and include parts they like, while excluding others they do not agree with. That is not how our court system works.

The facts are clear, the **petition** to the California Supreme Court was **to have Plaintiff's back ground cleared**[5], or alternatively to waive the State Bar Court filing fee so he could have a hearing on the issue, as *required* under the Due Process Clause of the United States Constitution and United States Supreme Court case law. Furthermore, Judge Morrow falsely states that the "State Bar[6]" found he was not of good moral character. This is completely false; the State Bar has made no such finding. The State Bar has a "committee" on moral character examination that makes suggestions, but the State Bar itself does not make any findings-as Judge Morrow has falsely stated. And they are only **suggestions**, the committee has no authority to deny anything, only the California Supreme Court has the authority to deny a moral character determination.

Judge Morrow further lies about Plaintiff's complaint by stating;

> "Plaintiff has not alleged that he sought review of his moral character determination, but only of a request to waive his filing fee[7]".

---

[2] *See* Morrow's Order, P:4-L19-20
[3] *See* Plaintiff's Motion To Disqualify, P:2;L:9-11
[4] *See* Plaintiff's Motion To Disqualify, P:2;L:9-11
[5] Plaintiff has **NEVER** petitioned the California Supreme Court to "review" his background clearance; he has asked the California Supreme Court to **CLEAR** his background.
[6] *See* Morrow's Order, P:3-L5-6
[7] *See* Morrow's Order, P:6-L17-18

Judge Morrow seems to be affected by the same perjurious condition that Judge Chapman is afflicted by. So let Plaintiff repeat **exactly** what his complaint alleges;

> "Plaintiff then **"petitioned"** the California Supreme Court to *have his background cleared*, or alternatively to allow him a hearing to be heard over the issue. The California Supreme Court took no action whatsoever."[8] Bold in original. Italics and underline added.

Only a perjuring liar would claim that Plaintiff had not sought to have his background reviewed in light of such clear and concise language.

Perjury is *__certainly grounds__* for disqualifying a dirty judge. Judge Chapman has *__clearly committed perjury__* by claiming Plaintiff did not petition the State Bar to clear his background.

Judge Chapman's statement is not correct, but a perjured lie. Plaintiff *never* claimed Chapman denied his IFP based on a petition for the State Bar to "waive a filing fee"[9], and that is clear.

Judge Morrow stating falsehoods repeatedly in her decision is not going to change the facts, **or the fact that Chapman committed perjury**. Let Plaintiff once more point out the law of due process for denial of law licenses, because this court and the judges in it seem to not have a very clear understanding of that law;

> "A claim of a present right to admission to the bar of a state and a denial of that right is a controversy. **When the claim is made in a state court and a denial of the right made by judicial order, it is a case which may be reviewed under Article III of the Constitution when federal questions are raised and proper steps taken to that end in this Court.**" See In Re Summers, 325 U.S. 561, 568 (1945). Bold added.

> "The requirements of **procedural due process must be met before a State can exclude a person from the practice of law**". See Willner v. Committee On Character, 373 U.S. 96, 102 (1963). Bold added.

---

[8] See Plaintiff's Motion To Disqualify, P:2;L:9-11
[9] See Morrow's Order, P:6-L17

**"A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process** or Equal Protection Clause of the Fourteenth Amendment". *See* Schware v. Board of Bar Examiners, 353 U.S. 232, 238-239 (1957). Bold added.

"In any event, opinions of the United States Supreme Court and of our court which characterize claim for admission to the bar as a claim of right **is entitled to the protections of procedural due process.**" *See* Hallinan v. CBE, 65 Cal.2d 447 (1966). Bold added.

Maybe if the judges of this court read this over a few hundred times they may be able to grasp the law and the due process rights guaranteed by the Constitution. I know it is asking a lot, but if the judges try real hard anything is possible.

### III.
### Conclusion

This Court, and the judges that comprise it, better learn to stop committing perjury, to stop violating the Constitution and to stop violating the Due Process rights guaranteed to the people under the Constitution. The poor and middle class are not going to stand by idly while judges engage in perjury and other misconduct.

Failure to heed these warnings is going to result in civil unrest. The days of dirty judges violating the Constitution with impunity are over. There is too much at stake for the innocent and the poor to allow dirty judges to violate their rights with impunity. And that civil unrest is going to start at the doorsteps of the dirty, slime ball judges who lie, commit perjury, and conspire with others to violate those Constitutional protections under color of authority.

**You're on notice.**

-5- Paul Hupp's Reply Brief To Judge Morrow's June 17, 2010 Order Denying To Disqualify Judge Chapman For Cause

Respectfully submitted.

Dated this 24th day of June, 2010

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
(951) 769-1268
Paulhupp@Gmail.com
*In Propria Persona*